IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15–CV-387-FL

| | | |
|---|---|---|
| MARGARET REAVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SETERUS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 9). Plaintiff has not responded, and the time for any such response has passed. In this posture, the issues raised are ripe for ruling. For the reasons that follow, defendant's motion is granted.

**BACKGROUND**

Plaintiff filed suit against defendant, her mortgage loan servicer, in this court on August 13, 2015. Plaintiff asserts against defendant various statutory causes of action, including violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq.; the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.; and the "North Carolina HB 654," Homeowner/Homebuyer Protection Act, as well as common law claims for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and "damages." This suit arises out of the same set of facts alleged in a previous suit, filed in Wake County, North Carolina, Superior Court on

December 17, 2014, and removed to this court on January 20, 2015. See Reaves v. Seterus, Inc., No. 5:15-CV-33-FL, 2015 WL 2401666 (E.D.N.C. May 20, 2015).

In that suit, plaintiff filed an amended complaint on April 6, 2015. There, as here, plaintiff alleged that in or around 2002, she purchased a mobile home for approximately $63,000.00. Plaintiff financed that transaction by granting Conseco Finance a security interest in the home, as mortgagee. Subsequently, she refinanced that loan with Green Point Mortgage, granting it a security interest in the home as mortgagee and extinguishing Conseco Finance's interest. Later, defendant became the loan servicer. On January 26, 2015, defendant initiated foreclosure proceedings. Compare (Compl., DE 1), with Reaves, 2015 WL 2401666, at *1–2. In the prior action, on defendant's motion, the court dismissed the complaint for failure to state a claim on which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). See Reaves, 2015 WL 2401666, at *2–5. Plaintiff did not appeal.

In this matter, defendant filed the instant motion to dismiss for failure to state a claim on September 10, 2015. Defendant argues that this action must be dismissed under the doctrine of res judicata,. Defendant highlights the similarities between the factual allegations in the operative complaint and complaint in the previous matter. It notes that, although plaintiff has alleged a new claim for "damages," (see Compl., 15), all the "damages" enumerated therein arise from actions either addressed and rejected in the prior case, or actions that could have been the subject of the prior case.

2

Case 5:15-cv-00387-FL   Document 13   Filed 10/19/15   Page 2 of 5

**COURT'S DISCUSSION**

A.      Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); see also Edwards v. City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir.1999). A complaint states a claim under 12(b)(6) if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

"Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.      Analysis

Defendant argues that the current action is barred by the doctrine of res judicata. Where res judicata bars a suit, the complaint properly is disposed of by a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). See Andrews v. Daw, 201 F.3d 521, 524 (4th Cir. 2000). To establish the defense of res judicata, defendant must prove: 1) the existence of a final judgment on the merits in an earlier litigation, rendered by a court of competent jurisdiction and in accord with

the requirements of due process; 2) identity of parties in the earlier litigation and instant action, or privity between the parties; and 3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding. Covert v. LVNV Funding, LLC, 779 F.3d 242, 246 (4th Cir. 2015).

Those elements are satisfied here. As to the first element, the previous case ended with a Rule 12(b)(6) dismissal. "The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'" Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981); accord McLean v. United States, 566 F.3d 391, 396 (4th Cir. 2009). The second element also is satisfied. The parties in this matter are identical to those in the prior case. Finally, the claims in this matter are "based upon" those litigated previously. The operative complaint mirrors the prior complaint in all material respects.[1] Plaintiff's additional allegations of "damages" do not preclude application of res judicata. The various actions alleged, all apparently different sources of plaintiff's "damages," relate directly to the prior action and could have been alleged therein. Accordingly, defendant's motion will be granted.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss for failure to state a claim upon which relief can be granted, (DE 9), is GRANTED. The clerk is DIRECTED to close this case.

---

[1] In fact, it is identical in almost every aspect. Plaintiff apparently has "whited-out" the "re" in "re-allege" in several locations, (see Compl., 4, 6, 8, 9, 11), and has removed certain background information. (Compare Compl., 12, with 5:15-CV-33-FL, DE 18, 11–12). However, the two complaints contain identical inconsistencies. For example, in a numbered list, plaintiff skips Roman Numeral III, going from II to IV. (Compare Compl., 8, with 5:15-CV-33-FL, DE 18, 7). In addition, plaintiff again alleges as defendant non-party Argent. (Compare Compl., 10, with 5:15-CV-33-FL, DE 18, 9).

4

SO ORDERED, this the 19th day of October, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge

5